UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| DAVID STAMER, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC<br>c/o National Registered Agents, Inc.<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL 60604<br><br>Defendant. | Case No.<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br><br>**Jury Demand Requested** |

Now comes Plaintiff, by and through his attorneys, on behalf of himself and all others similarly situated, and brings this action against Dynamic Recovery Solutions, LLC ("Dynamic") for damages, and other legal and equitable remedies from the violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and alleges as follows:

## JURISDICTION AND VENUE

1- This Court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337, and 47 U.S.C. §227 ("TCPA").

2- Venue in this District is proper because: (a) the acts and transactions occurred here; (b) Plaintiff resides here; and (c) Defendant transacts business here.

## PARTIES

3- Plaintiff is a resident of the State of the Illinois, who resides in this district.

4- Defendant is a corporation with its principal office in the State of South Carolina.

5- Defendant is authorized to conduct business in the State of Illinois, and actually does transact business in the State of Illinois.

6- According to its website, Dynamic, "[w]ith more than 50 combined years in the accounts receivables industry, [...is...] professionally staffed to provide nationwide consumer and commercial collection services to organizations including Banking, Student Loans, Heath Care, Retail, Telecommunications, Utilities, Legal, and Real Estate. Our strong track record in the late stage market, continued investment into the latest Technology and Analytics, and our commitment to quality, has positioned DRS as leader in receivables management outsource solutions."

7- "Dynamic uses the hosted LiveVox dialing platform for all predictive and manual calls." Id.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8- In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9- The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10- According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11- On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the õprior express consentö of the called party. The FCC õemphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.ö

12- Moreover, the FCC has since affirmed its prior findings that a dialer which uses predictive dialing with the capacity to make calls without human intervention is an auto-dialer under the TCPA. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 15-72 (July 10, 2015) at ¶ 10; see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 TCPA Order, 18 FCC 14014 at ¶132 (finding that "the purpose of the requirement that equipment have the capacity to store or produce telephone numbers to be called is to ensure that the prohibition on autodialed calls not be circumvented.").

## FACTS

13- At all times relevant, Plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a õpersonö as defined by 47 U.S.C. § 153(10).

14- Plaintiff did not list his cellular phone number in or on any documents provided to Defendant, nor did he verbally provide his phone number to or consent to any calls on his cellular phone by Defendant.

15- Defendant is, and at all times mentioned herein was, a corporation and a õpersonö, as defined by 47 U.S.C. § 153(10).

16- Notwithstanding the fact Plaintiff did not provide Defendant with his cellular number, Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received numerous calls on his cellular phone in or around July 2015.

17- Defendant left at least one automated message on Plaintiff's cellular telephone.

18- Dynamic's Predictive Dialer is capable of delivering an automated prerecorded message. On information and belief, all telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

19- The telephone number at which Defendant contacted Plaintiff, with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20- The telephone calls placed by Defendant to Plaintiff's cellular telephone via the "automatic telephone dialing system" used "an artificial or prerecorded voice" as defined in 47 U.S.C. § 227(b)(1)(A).

21- The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22- Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

23- Defendant did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

24- Defendant's telephone calls to Plaintiff's cellular phone were placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

25- Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I - TCPA (CELLULAR CALLS)

26- Plaintiff incorporates the above factual allegations herein.

27- Defendant made automated telephone calls to the wireless telephone numbers of Plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28- These phone calls were made without the prior express consent of Plaintiff or the class.

29- Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

30- Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the class.

31- Plaintiff and class members are entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

32- Plaintiff and the class members are entitled to an award of attorneys' costs and fees.

## CLASS ALLEGATIONS

33- Plaintiff proposes the following class definition, subject to amendment as appropriate:

> (1) all persons within the United States (2) who, on or after May 25, 2012 and on or before May 25, 2016 (3) received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and (4) where Defendant's records do not show that the person provided the number to the Defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the Defendant's equipment from an inbound call).

34- Plaintiff does not know the exact number of members in the Class, but based upon the representations of Defendant, Plaintiff reasonably believes that class members number at minimum in the tens of thousands. Certifying the class will be a more efficient method for handling the numerous claims.

35- Plaintiff and all members of the class have been harmed by the acts of Defendant by receiving automated and/or prerecorded messages, on their cellular telephones, placed by Defendant, without their express consent. A class action is the required method for disposing of the claims and ensuring that the class will not continue to suffer from the conduct alleged...

36- This Class Action Complaint seeks monetary damages and injunctive relief.

37- The joinder of all class members is impracticable due to the size of the class. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendant.

38- There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

   a- Whether, beginning on May 25, 2012, Defendant made nonemergency calls to Plaintiff and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

   b- Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

   c- Whether Defendant's conduct was knowing and/or willful;

   d- Whether Defendant is liable for damages, and the amount of such damages; and

   e- Whether Defendant should be enjoined from engaging in such conduct in the future.

39- As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class.

40- Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

41- A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual

action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

42- Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **JURY DEMAND**

43- Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

    a- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

    b- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of $1,500.00 for each and every call that violated the TCPA;

    c- Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    d- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

e- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

f- Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
MEIER LLC
53 W. Jackson Boulevard, Suite 304
Chicago, IL 60604
Tel: (312) 242-1849
Fax: (312) 242-1841
richard@meierllc.com

Shannon M. Geier, Esq.
GEIER LAW LLC
910 W. Van Buren St., Suite 2S
Chicago, IL 60607
Tel: (312) 837-3006
Fax: (312) 829-3729
sgeier@geierlawfirm.com

Attorneys for Plaintiff and the Class